IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ben Robert Stewart, #223006, | C/A No.: 0:24-cv-3606-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Monday Bishop and James Blakney, | |
| Defendants. | |

Ben Robert Stewart ("Plaintiff"), proceeding pro se and in forma pauperis, brings a complaint against Monday Bishop ("Ms. Bishop") and James Blakney ("Mr. Blakney") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the case without prejudice for lack of subject-matter jurisdiction.

I.     Factual Background

Plaintiff is a state prisoner incarcerated at Lee Correctional Institution. [ECF No. 11 at 2]. He filed a complaint on June 20, 2024. [ECF No. 1]. On July 1, 2024, the undersigned issued a proper form order and an order and notice advising Plaintiff of deficiencies in his complaint and requirements for service

of process. [ECF Nos. 5, 6]. Plaintiff subsequently filed an amended complaint, a proposed summons, and a motion for leave to proceed in forma pauperis on August 22, 2024. [ECF Nos. 11, 13, 14].

In his amended complaint, Plaintiff asserts the court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332. [ECF No. 11 at 4]. He appears to indicate Ms. Bishop is his sister and Mr. Blakney is a "Federal Government informant." *Id.* at 3; ECF No. 11-1 at 2. He references Article I, Section 3 of the South Carolina Constitution, the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, and 18 U.S.C. § 1510, § 1512, and § 1622. [ECF No. 11 at 5, 6]. He states there was an "act of perjury against me." *Id.* at 5.

Plaintiff attaches 198 pages to the amended complaint, which include a "Motion for Probable Cause for Arrest and search warrant and seizure," an affidavit executed by Ms. Bishop on January 4, 2013, an application for post-conviction relief ("PCR") dated November 21, 2013, a memorandum of law and motion for discovery, an April 17, 2023 PCR hearing transcript, an exhibit from the PCR hearing, an affidavit of probable cause, and a copy of a complaint and affidavit he appears to have filed in the Eastern District of Pennsylvania. [ECF Nos. 11-1–11-11].

In the "Motion for Probable Cause for Arrest and search warrant and seizure," Plaintiff states Ms. Bishop's "perjured testimony" in the January 4, 2013 affidavit "violated his right to call witnesses in his favor." [ECF No. 11-1

at 2]. He appears to allege information Ms. Bishop provided in the affidavit submitted in the PCR case was inconsistent with information she previously provided to him by telephone as to whether she was questioned in her home by representatives from the York County Solicitor's Office. *Id.* at 2–3. He states "Mr. Blakney aided and conspired and also paid [Ms.] Bishop to commit perjury as well as conspired in the Murder and Robbery of Ronald and Elaine Nelson Plaintiff's mother and Stepfather." *Id.* at 4. Plaintiff states Mr. Blakney represented he was a government informant, "personally explained" the actions to him, and advised him that no one would believe him if he shared the information. *Id.* He indicates Ms. Bishop transported Elaine Nelson's remains to South Carolina in an attempt to conceal her murder and, in 2020 or 2021, stole a home insurance check for approximately $75,000.00 from Ronald and Elaine Nelson. *Id.*

Plaintiff states Ms. Bishop "is guilty of obstruction of Justice, perjury, and related offenses and being sought in The United States District, EASTERN District of PENNsylvania regarding the Murder offenses." *Id.* He states Defendants' actions deprived him of his rights under the state and federal constitutions and the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. *Id.* at 4–5. He asserts he has provided probable cause for Ms. Bishop's and Mr. Blakney's arrests. *Id.* at 8.

Plaintiff requests the court award him $190,000 in damages from each defendant and issue an "Arrest and search warrant AND seizure pursuant to Rule 3 FRCP, Rule 4 FRCP, violations of Federal Law, and State Law." *Id.* at 6.

II.   Discussion

   A.   Standard of Review

Plaintiff filed the complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's

allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statutes." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

Although the court must liberally construe a pro se complaint and view its allegations in the light most favorable to the plaintiff, if the allegations in the complaint are insufficient to support subject-matter jurisdiction, the court must dismiss the case. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff states the court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332. [ECF No. 11 at 3]. Section 1332 permits a plaintiff to bring a civil action in federal court if there is diversity of citizenship, meaning no party on one side can be a citizen of the same state as any party on the other side, *see Owen Equip. & Erection Co., v. Kroger*, 437 U.S. 365,

373–74 nn. 13–16 (1978), and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332.

The facts Plaintiff alleges do not permit him to bring a civil action under § 1332. To the extent Plaintiff attempts to maintain a civil action against Defendants for perjury or subornation of perjury, "[t]his Court has consistently held that perjury constitutes a criminal act and, as such, does not give rise to a civil cause of action." *Green v. Sanchez*, C/A No. 2:21-1376-RMG-MGB, 2021 WL 8971506, at *3 (D.S.C. Dec. 2, 2021), *report and recommendation adopted by* 2022 WL 2333855 (June 28, 2022) (citing to *Workman v. Perry*, C/A No. 6:17-3416-RBH-KFM, 2018 WL 4560592, at *1 (D.S.C. Apr. 19, 2018), *report and recommendation adopted by* 2018 WL 245914 (June 1, 2018), aff'd 740 F. App'x 365 (4th Cir. 2018); *Chapman v. Hurley*, C/A No. 6:16-3308-TMC-KFM, 2016 WL 8193638, at *3 (D.S.C. Nov. 10, 2016), *report and recommendation adopted by* 2017 WL 445638 (Feb. 2, 2017); *White v. Stacher*, No. 6:05-1737-GRA-WMC, 2006 WL 1207857, at *6 (D.S.C. May 1, 2006) ("[T]here are no civil actions for perjury, subornation of perjury, stalking, and kidnapping. All of these are crimes under the South Carolina Code.")). To the extent Plaintiff may be attempting to pursue a tort claim related to the deaths of Elaine and Ronald Nelson, he has not alleged sufficient facts to show he is entitled to prosecute a claim on behalf of their estates.

Even if Plaintiff's allegations could support a civil action against Defendants, he has not shown diversity of citizenship. Plaintiff appears to be a citizen of South Carolina and represents in the amended complaint and several attachments that Ms. Bishop is also a citizen of South Carolina. *See* ECF Nos. 11 at 2, 11-10 at 4, 11-11 at 1. Because Plaintiff and at least one defendant are citizens of the same state, there is no diversity of citizenship. Therefore, the court does not have subject-matter jurisdiction under 28 U.S.C. § 1332.

Section 1331 confers to federal court's jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. And Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)) "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

In arguing the court has federal question jurisdiction pursuant to § 1331, Plaintiff references 18 U.S.C. § 1510, § 1512, and § 1622, but these statutes do

not create federal jurisdiction for private rights of action. Section 1510 concerns obstruction of criminal investigations. 18 U.S.C. § 1510. Section 1512 addresses tempering with a witness, victim, or informant. 18 U.S.C. § 1512. Section 1622 pertains to perjury. 18 U.S.C. § 1622. "The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Does v. Broderick*, 225 F.3d 440, 447–48 (4th Cir. 2000) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)). Moreover, even if a private right of action were to exist, Plaintiff has stated only conclusory allegations and has not alleged sufficient facts to support claims under these statutes.

Plaintiff further alleges Defendants violated his rights under the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. As an initial matter, the undersigned notes Plaintiff has made only conclusory claims that Defendants have violated his constitutional rights without alleging sufficient facts to support such violations. Even if Plaintiff could show that Defendants violated his Constitutional rights, his claim could not be brought pursuant to 28 U.S.C. § 1331 because Defendants are private citizens. "Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *Harrison v.*

*Jennings*, C/A No. 2:13-2427-RMG, 2013 WL 5530268, at *4 (D.S.C. Oct. 7, 2013) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "To qualify as state action, the conduct in question 'must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and 'the party charged with the [conduct] must be a person who may fairly be said to be a state actor.'" *Id.* (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1983)). Plaintiff has not alleged Ms. Bishop and Mr. Blakney are state actors, and he explicitly states he is not bringing the case pursuant to 42 U.S.C. § 1983.[1] Therefore, Plaintiff cannot pursue allegations of constitutional violations against Ms. Bishop and Mr. Blakney.

Finally, the court cannot order prosecutors to investigate or pursue criminal charges against Ms. Bishop and Mr. Blakney. Plaintiff cannot "obtain criminal charges against defendants or initiate a criminal investigation through a civil action." *Green*, 2021 WL 8971506, at *3 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

another person); *Hoffman v. Smart-Gittings*, C/A No. 9:18-1146-RMG-BM, 2019 WL 8759417, at *10 (D.S.C. Aug. 26, 2019) (noting that a private citizen "has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime") (internal citations omitted); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (collecting cases).

Plaintiff's amended complaint does not contain sufficient factual allegations to invoke the court's subject-matter jurisdiction. In the absence of subject-matter jurisdiction, the undersigned has declined to address Plaintiff's allegations that Defendants violated Article I, Section 3 of the South Carolina Constitution.

2. Failure to Comply with the Court's Prior Order

In addition, or in the alternative, the undersigned recommends the court dismiss the case based on Plaintiff's failure to comply with the court's July 21, 2024 proper form order, which directed him to:

> Complete one summons form which lists every defendant named in this matter. In the space following "TO: (Defendant's name and address)," Plaintiff is required to provide complete name and a full address where defendant(s) can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff's complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are."

and to:

> Complete, sign, and return a Form USM-285 for each Defendant listed in this case. Only one defendant's name and street address should appear on each form. Defendant's name and street address

> should be placed in the space designated "SEND NOTICE OF SERVICE COPY TO . . .", and Plaintiff should sign where the form requests "Signature of Attorney or other Originator . . . ." Plaintiff must provide defendant's complete street address on the form (not a post office box address).

[ECF No. 5 at 2]. The order warned Plaintiff that if he "d[id] not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure." *Id.* at 1.

Plaintiff subsequently filed summonses, but he only partially completed them. [ECF No. 13]. Pursuant to Fed. R. Civ. P. 4(b), "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." However, the clerk cannot sign, seal, and issue the summonses because Plaintiff has not included Defendants' names and address or his name and address.

Because Plaintiff is proceeding in forma pauperis, the court must order that service be made by a United States marshal or deputy marshal. Fed. R. Civ. P. 4(c)(3). Plaintiff did not complete and return forms USM-285s for service of process. In the absence of information from Plaintiff as to where Defendants may be served with copies of the summons and complaint, it would be futile for the court to order the case be served on Defendants.

Despite the court's explicit instructions and prior warning, Plaintiff has not brought the case into proper form for service of process. Therefore, the

undersigned recommends the case be dismissed pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with a court order.

III.  Conclusion and Recommendation

For the foregoing reason, the undersigned recommends the court dismiss the case without prejudice for lack of subject-matter jurisdiction. In addition, or in the alternative, the undersigned recommends the case be dismissed under Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with the court's prior order.

IT IS SO RECOMMENDED.

August 29, 2024                                 Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).