IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ben Robert Stewart, #223006,<br><br>       Plaintiff,<br><br>vs.<br><br>Monday Bishop and James Blakney,<br><br>       Defendants. | C/A No. 0:24-cv-3606-JFA<br><br>**ORDER** |

I.  **INTRODUCTION**

Ben Robert Stewart (Plaintiff), a self-represented state prisoner, brings this action against Monday Bishop and James Blakney (Defendants) pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.[1] (ECF No. 11). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. On August 29, 2024, the Magistrate Judge issued a Report and Recommendation (Report), recommending this Court dismiss Plaintiff's claims for lack of subject matter jurisdiction. (ECF No. 17, pg. 13). In the alternative, the Report recommends dismissing Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b) for failure

---

[1] 42 U.S.C. § 1983 is a common mechanism used to initiate a private civil cause of action for allegations of federal constitutional violations perpetrated by individuals acting under color of state law. Plaintiff submitted his Amended Complaint on a standard Complaint for Violation of Civil Rights Form and crossed out every reference to 42 U.S.C. § 1983, indicating § 1983 does not form the basis of this Court's jurisdiction. (ECF No. 11).

to comply with the Magistrate Judge's prior proper form order. (ECF No. 17, pg. 13). Subsequently, on September 16, 2024, Plaintiff filed objections to the Report.[2]

## II.  FACTS

Plaintiff, a state prisoner incarcerated at Lee Correctional Institution, initiated this action on June 20, 2024. (ECF No. 1). On July 1, 2024, the Magistrate Judge issued a proper form order, notifying Plaintiff of deficiencies in the complaint and requirements for service of process. (ECF Nos. 5 & 6). Plaintiff subsequently filed an Amended Complaint, a proposed summons, and a motion for leave to proceed in forma pauperis. (ECF Nos. 11, 13, & 14).[3]

The facts set forth in Plaintiff's Amended Complaint are somewhat unclear, however, it appears Plaintiff's claims substantially relate to events surrounding his 2013 application for post-conviction relief (PCR). On February 27, 2009, Plaintiff was sentenced to an aggregated term of 30 years in prison for several state-related offenses. (ECF No. 11-

---

[2] Plaintiff's objections substantially relate to the Report's conclusion that this Court lacks subject matter jurisdiction over his claims. However, Plaintiff also objects to the Report's recommendation to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 21, pgs. 19–20). Plaintiff argues this Court should excuse his failure to comply with the Magistrate Judge's proper form order because Plaintiff is mentally incompetent. (ECF No. 21, pgs. 19–20). Additionally, Plaintiff filed a motion for an extension of time to comply with the Magistrate Judge's proper form order. (ECF No. 24). Notwithstanding Plaintiff's objection and motion, for the reasons stated below, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's claims for lack of subject matter jurisdiction. Therefore, Plaintiff's objection and motion for an extension of time (ECF No. 24) are dismissed as moot.

[3] Plaintiff attached 198 pages to the amended complaint, including a "Motion for Probable Cause for Arrest and Search Warrant and Seizure," an affidavit executed by Defendant Bishop on January 4, 2013, an application and supporting memoranda and motions for post-conviction relief (PCR) dated November 21, 2013, an exhibit and transcript from the PCR hearing, and a complaint and affidavit filed in the Eastern District of Pennsylvania. (ECF Nos. 11-1--11-11).

6, pgs. 1–2). On November 21, 2013, Plaintiff filed an application for PCR, challenging his criminal convictions for alleged ineffective assistance of counsel and prosecutorial misconduct. (ECF No. 11-6).

In support of his application, Plaintiff attached a 2013 affidavit executed by Defendant Bishop where Defendant Bishop attests that a Rock Hill solicitor traveled to her apartment to discuss Plaintiff's criminal charges. (ECF No. 11-5, pg. 3). However, Plaintiff alleges that Defendant Bishop altered her testimony regarding the Rock Hill solicitor in Plaintiff's PCR hearing.[4]

Defendant Bishop's alleged "act of perjury" forms the basis of Plaintiff's claims. (ECF No. 11, pg. 5). Specifically, Plaintiff argues Defendant Bishop "violated his right to call witnesses in his favor" and "perjured testimony," resulting in the deprivation of Plaintiff's constitutional rights. (ECF No. 11-1, pgs. 2–4). Further, Plaintiff contends Defendant Blakney, acting as a covert federal government agent, "encourage[d], instigated, incited, and plot[t]ed" Defendant Bishop's false testimony to "secure Plaintiff's conviction." (ECF No. 11-1, pgs. 3–5).[5] Plaintiff argues Defendants violated 18 U.S.C §

---

[4] Although Plaintiff argues Defendant Bishop's PCR hearing testimony contradicts Defendant Bishop's Affidavit, a review of the PCR hearing transcript reveals consistency in Defendant Bishop's testimony. *See* ECF No. 11-8, 39:25-40:10 (stating a Rock Hill solicitor traveled to Defendant Bishop's home to discuss Plaintiff's criminal charges).

[5] Plaintiff also alleges that Defendants robbed and murdered Plaintiff's parents and transported Plaintiff's mother's corpse interstate in furtherance of a conspiracy to commit insurance fraud. (ECF No. 11-1, pg. 4). Plaintiff indicates that a United States District Court in the Eastern District of Pennsylvania is overseeing Plaintiff's murder conspiracy allegations. Accordingly, the Court focuses its analysis on Plaintiff's allegations concerning Defendants' conspiracy to present false testimony.

1510, § 1512, and § 1622.[6] Additionally, Plaintiff claims Defendants violated his constitutional rights under the South Carolina and Federal constitution. After reviewing Plaintiff's claims, the Magistrate Judge issued a thorough Report, recommending this Court dismiss Plaintiff's claims for lack of subject matter jurisdiction.

### III.    LEGAL STANDARD

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

---

[6] The cited statutes are federal criminal violations relating to the obstruction of federal criminal investigations and prosecutions.

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

IV.   **DISCUSSION**

    a.   Statement of Facts and Legal Standards

As discussed below, the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's claims for lack of subject matter jurisdiction. The Report sets forth the relevant facts and law supporting its analysis and conclusion. Notwithstanding, Plaintiff raises serval objections related to the Report's statement of facts and legal standards. Accordingly, as a preliminary matter, the Court addresses each objection in turn.

First, Plaintiff argues the Report erroneously omits various statutes and cases cited in the Amended Complaint. (ECF No. 21, pgs. 9-14). Plaintiff contends the omission violates Federal Rule of Civil Procedure 50(a)(1)(B). (ECF No. 21, pgs. 13–14). Rule 50(a)(1)(B) concerns the Court's ability to take an issue away from the fact finder in a jury trial "when the facts are sufficiently clear that the law requires a particular result," *Weisgram v. Marley Co.*, 528 U.S. 440, 447-48 (2000) and reads as follows:

> If a party has been fully heard on an issue during jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1)(B). Plaintiff has not presented his case at a trial because Plaintiff's case is in the preliminary stages of litigation. Accordingly, at this stage, Rule 50(a)(1)(B) is inapplicable to Plaintiff's case.

Plaintiff also argues that the Report's omission of the various statutes and case law was a "mistake," entitling Plaintiff to relief from the Magistrate Judge's recommendation under Federal Rule of Civil Procedure 60(b)(1). (ECF No. 21, pg. 14). Under Rule 60(b)(1), a district court may "relieve a party or its legal representative from a final judgment, order or proceedings" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although Plaintiff contends the Report's omission of various statutes and case law was a "mistake," Rule 60(b)(1) is inapplicable at this stage because the Report is not a final order. A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *U.S. v. Myers*, 593 F.3d 338, 344 (4th Cir.

2010) (quoting *Catlin v. U.S.*, 324 U.S. 229, 233 (1945)). The Report is only a recommendation to the Court and does not end the litigation or otherwise dispose of Plaintiff's claims.

Next, Plaintiff argues the Report's statement of facts is deficient because the Magistrate Judge "fail[ed] to review the attached PCR hearing transcript." (ECF No. 21, pg. 15).[7] Plaintiff contends that the transcript bolsters his claims that Defendants falsely testified to "hinder, obstruct, and otherwise block Plaintiff's ability to seek redress in the state courts." (ECF No. 21, pg. 16). Although the Report does not detail the testimony contained in the PCR hearing transcript, the Magistrate Judge accurately notes that perjury is a criminal offense that does not rise to a civil cause of action. *See Green v. Sanchez*, C/A No. 2:21-1376-RMG-MGB, 2021 WL 8971506, at *3 (D.S.C. Dec. 2, 2021), report and recommendation adopted by 2022 WL 2333855 (June 28, 2022) (citing to *Workman v. Perry*, C/A No. 6:17-3416-RBH-KFM, 2018 WL 4560592, at *1 (D.S.C. Apr. 19, 2018), report and recommendation adopted by 2018 WL 245914 (June 1, 2018), aff'd 740 F. App'x 365 (4th Cir. 2018); *Chapman v. Hurley*, C/A No. 6:16-3308-TMC-KFM, 2016 WL 8193638, at *3 (D.S.C. Nov. 10, 2016), report and recommendation adopted by 2017 WL 445638 (Feb. 2, 2017); *White v. Stacher*, No. 6:05-1737GRA-WMC, 2006 WL 1207857, at *6 (D.S.C. May 1, 2006) ("[T]here are no civil actions for perjury, subornation of perjury, stalking, and kidnapping. All of these are crimes under the South Carolina

---

[7] Plaintiff also appears to use the objections as an opportunity to reassert arguments raised in his 2013 PCR application. However, the Court need only address specific objections to the Magistrate Judge's Report and will not entertain grievances concerning Plaintiff's PCR application.

Code.")). Accordingly, even if Plaintiff is correct that the PCR hearing transcript supports his claims, Plaintiff's allegations fail to set forth a viable civil cause of action.

Finally, Plaintiff argues that the Magistrate Judge's failure to "admit or deny" every allegation in the Amended Complaint constitutes an "admission" under Federal Rule of Civil Procedure 8(b)(6). (ECF No. 21, pgs. 26–27). Plaintiff is correct that a party's failure to deny an allegation to which a responsive pleading is required constitutes an admission of the allegation. Fed. R. Civ. P. 8(b)(6). However, "a 'party' to litigation is 'one by or against whom a lawsuit is brought." *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (quoting *U.S. ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009)). Although this case was referred to the Magistrate Judge for pretrial proceedings, the Magistrate Judge is not a "party" to the litigation that is required to admit or deny allegations pursuant to Rule 8(b)(1).

Similarly, Plaintiff "moves for default" pursuant to Federal Rule of Civil Procedure 55(b)(2) "because the Honorable Court R&R is incomplete factually and it's legal citation." (ECF No. 21, pgs. 28–29). Rule 55 "authorizes the entry of a default judge when a defendant fails 'to plead or other defended' in accordance with the Rules." *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quoting Fed. R. Civ. P. 55(a)). As explained above, the Magistrate Judge is not a party to this lawsuit. Accordingly, the contents of the Report do not implicate Federal Rule 55. Therefore, for the foregoing reasons, the Report did not err in its statement of facts or legal standards, and the Court overrules Plaintiff's objections.

### b. Subject Matter Jurisdiction

The Report recommends that this Court dismiss Plaintiff's claims because the Amended Complaint does not contain sufficient factual allegations to invoke subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Plaintiff objects to the Report, arguing this Court has subject matter jurisdiction pursuant 28 U.S.C. § 1331, § 1332, and § 1367.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statutes." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); see also *Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). Although the court must liberally construe a pro se complaint and view its allegations in the light most favorable to the plaintiff, if the allegations in the complaint are

insufficient to support subject-matter jurisdiction, the court must dismiss the case. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

(i)    Federal Question Jurisdiction

28 U.S.C. § 1331 confers federal subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. And Loan Ass'n*, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.*, 252 U.S. 388, 397 (1920)) "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." *Malone v. Gardner*, 62 F.2d 15, 18 (4th Cir. 1932).

The Report recommends dismissing Plaintiff's allegations because Plaintiff's claims are "conclusory" and "lack sufficient facts to support" allegations of constitutional violations. (ECF No. 17, pg. 9). Further, the Report states, "Even if Plaintiff could show

that Defendants violated his Constitutional rights, his claim could not be brought pursuant to 28 U.S.C. § 1331 because Defendants are private citizens." (ECF No. 17, pg. 9).

Plaintiff objects to the Report, arguing that Defendants' private citizens status is insignificant to his constitutional claims. Specifically, Plaintiff contends that the Report "misquotes" 28 U.S.C § 1331 and that his claims are viable notwithstanding Defendants private citizen status. (ECF No. 21, pg. 21).

The Court is unpersuaded by Plaintiff's argument. Courts have long held that "the United States Constitution regulates only the government, not private parties." *Harrison v. Jennings*, C/A No. 2:13-2427-RMG, 2013 WL 5530268, at *4 (D.S.C. Oct. 7, 2013) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Accordingly, an individual seeking judicial redress for alleged constitutional violations must "establish that the challenged conduct constitutes 'state action.'" *Id.* "To qualify as state action, the conduct in question 'must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and 'the party charged with the [conduct] must be a person who may fairly be said to be a state actor.'" *Id.* (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1983)).

Although Plaintiff contends that Defendants violated his First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights, merely asserting constitutional violations does not confer federal subject matter jurisdiction. Plaintiff does not allege that Defendants are state actors.[8] Further, other than stating the Report "misquotes" § 1331, Plaintiff does not

---

[8] Individuals may initiate a *Bivens* action against federal officials for money damages arising from a limited number of constitutional violations. *See Mays v. Smith*, 70 F.4th 198, 202 (4th Cir. 2023).

cite authority supporting his contention that Defendants' civilian status is insignificant.[9] Accordingly, the Report accurately concludes that Plaintiff cannot assert his claims pursuant to § 1331, and Plaintiff's objection is overruled.[10]

(ii)     Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over civil cases when two criteria are satisfied: (1) the amount in controversy "exceeds the sum or value of $75,000" and (2) the parties are "citizens of different states." 28 U.S.C. § 1332(a). Under the later requirement, diversity must be "complete," meaning no party on one side can be a citizen of the same state as any party on the other side. *Navy Federal Credit Union v. LTD Financial Services, LP*, 972 F.3d 344, 352 (4th Cir. 2020).

The Report concluded that this Court lacks federal subject matter jurisdiction under § 1332(a) because there is not complete diversity of citizenship. (ECF No. 17, pg. 8). Plaintiff objects to the Report, arguing that the diversity requirement is satisfied because

---

Although Plaintiff contends Defendant Blakney is a covert government informant, Plaintiff indicates in the Amended Complaint that he is not asserting a *Bivens* claim.

[9] Plaintiff cites a prior order issued by the Magistrate Judge in *Heriot v. Safrit*, 2021 WL 3132690, at *2 (D.S.C. July 23, 2021) to support his position that the Report misinterprets § 1331. Despite Plaintiff's contention, the order in *Heriot* is consistent with the Report's interpretation of § 1331. *See Heriot v. Safrit*, 2021 WL 3132690, at *2 (D.S.C. July 23, 2021) (finding the Court lacked federal subject matter jurisdiction because the plaintiff failed to show that the defendants were state actors).

[10] Plaintiff also objects to the Report's conclusion that his constitutional claims are conclusory. (ECF No. 21, pg. 22). Plaintiff contends the PCR hearing transcript "conclusively" proves Defendants "hinder[ed] and obstruct[ed] judicial proceedings." (ECF No. 21, pg. 22). According to Plaintiff, Defendants' alleged conduct violated his constitutional right of access to the courts. However, as discussed above, Defendants are private parties unbound by constitutional regulations. Therefore, Plaintiff's objection is overruled.

the parties are minimally diverse. *See Navy Federal Credit Union*, 973 F.3d at 352 (explaining that minimal diversity exists when "the citizenship of any plaintiff differs from that of any defendant"). Plaintiff states, "Plaintiff is from Philadelphia, and Defendant James Blakney lives in Pennsylvania as well while Monday Bishop lives in South Carolina, diversity of citizenship is clear."

Plaintiff misunderstands § 1332(a)'s complete diversity requirement. Accepting Plaintiff's allegation as true, minimal diversity exists because Plaintiff is a Pennsylvania citizen and Defendant Bishop is a South Carolina citizen. However, according to Plaintiff, Defendant Blankney is also a Pennsylvania citizen. Accordingly, § 1332(a)'s complete diversity requirement is not satisfied because Plaintiff's citizenship is not diverse from all Defendant's. Therefore, the Court finds that it does not have federal subject matter jurisdiction pursuant to § 1332(a), and Plaintiff's objection is overruled.

(iii)   Supplemental Jurisdiction

Plaintiff also objects to the Report's conclusion that this Court lacks federal subject matter jurisdiction, arguing that the Magistrate Judge "overlooked" the applicability of the supplemental jurisdiction statute. (ECF No. 21, pg. 24–25). Under 28 U.S.C. § 1367, when a district court has original jurisdiction over a claim, the court may exercise supplemental jurisdiction over all other claims "so related" to the claim for which there is original jurisdiction. 28 U.S.C. § 1367. Plaintiff argues that the Court has original jurisdiction over his federal constitutional claims and supplemental jurisdiction over his remaining state constitutional claims. The Court is unpersuaded by Plaintiff's argument. As discussed above, the Court lacks federal subject matter jurisdiction over any of Plaintiff's claims.

Therefore, the supplemental jurisdiction statute is inapplicable because Plaintiffs has not alleged a claim to which the Court has original jurisdiction.

## V.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report in all regards and dismisses Plaintiff's claim without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

December 9, 2024
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge